Electronically FILED by Superior Court of California, County of Los Angeles on 06/26/2020 05:59 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Johnston, Deputy Clerk

Case 2:20-cv-07107-DSF-MAA Document 1-1 Filed 08/07/20 Page 1 of 23 Page ID #:22

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>SODEXO, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>ALEXANDER CARRILLO, individually, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Torrance Courthouse<br>825 Maple Ave. Torrance, CA 90503 | CASE NUMBER: *(Número del Caso):*<br>20TRCV00457 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael Jaurigue; Jaurigue Law Group; 300 W. Glenoaks Blvd Suite 300 Glendale, CA 91202; 818-630-7280

| | | | |
|---|---|---|---|
| DATE: Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by | E. Johnston | , Deputy |
| *(Fecha)* 06/26/2020 | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* SODEXO, INC. a Delaware Corporation

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Electronically FILED by Superior Court of California, County of Los Angeles on 06/26/2020 05:59 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Johnston,Deputy Clerk
Case 2:20-cv-07107-DSF-MAA Document 1-1 Filed 08/07/20 Page 2 of 23 Page ID #:23
Assigned for all purposes to: Torrance Courthouse, Judicial Officer: Deirdre Hill

Michael J. Jaurigue (SBN 208123)
  michael@jlglawyers.com
Ryan A. Stubbe (SBN 289074)
  ryan@jlglawyers.com
JAURIGUE LAW GROUP
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
Telephone: 818.630.7280
Facsimile: 888.879.1697

*Attorneys for Plaintiff*
Alexander Carrillo

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| ALEXANDER CARRILLO, individually,<br><br>Plaintiff,<br><br>v.<br><br>SODEXO, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  20TRCV00457<br><br>**COMPLAINT**<br><br>1. Unlawful Use of Arrest or Detention Not Resulting in Conviction, Cal. Lab. Code § 432.7<br>2. Failure to Pay Overtime Wages, Cal. Lab. Code §§ 510, 1194, Wage Order 9<br>3. Failure to Pay All Wages Upon Separation of Employment Labor Code § 201<br>4. Violation of Cal. Lab. Code § 246<br>5. Failure to Maintain Accurate Records, Cal. Lab. Code § 1174<br>6. Failure to Provide Adequate Paytubs, Cal Lab. Code §226<br>7. Unlawful Use of Conviction History, Cal. Gov. C. § 12952<br>8. Wrongful Termination in Violation of Public Policy<br>9. Violation of Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1786.10 et seq.<br>10. Failure to Provide Personnel Records Upon Request, Cal. Lab. Code §1198.5<br><br>**DEMAND FOR JURY TRIAL** |

1.     Plaintiff Alexander Carrillo, individually, brings this action against Defendants Sodexo, Inc., and DOES 1 through 50, inclusive.

## PARTIES

2.     Plaintiff is, and at all times relevant to this action was, a resident of Los Angeles County, California.

3.     Plaintiff is informed and believes, and based thereon alleges, that Defendant Sodexo, Inc. is a Corporation organized under the laws of the State of California.

4.     Plaintiff does not know the true names of Defendants Does 1 through 50, inclusive, and therefore sues them by those fictitious names.  The names, capacities, and relationships of Defendants Does 1 through 50, inclusive, will be alleged by amendment to this Complaint when the same are known to Plaintiff.

5.     Plaintiff is informed and believes and on that basis alleges, that at all times mentioned in this Complaint, each Defendant was acting as the agent, employee, partner, co-conspirator or joint venture of each of the remaining Defendants, and was acting in concert with each remaining Defendant in doing the things herein alleged, and, at all times, was acting within the course and scope of such agency, employment, partnership, joint venture, or concert of action.

6.     Sodexo, Inc., and Does 1 through 50, inclusive, are collectively referred to hereafter as "Defendants."

## JURISDICTION AND VENUE

7.     The amount of damages sought herein is greater than $25,000.  Hence this case is within the unlimited jurisdiction of this Court.

8.     This Court has jurisdiction over Sodexo, Inc. because at all times relevant, it is and was authorized to transact, and is transacting business in Los Angeles County, California.

9.     Venue is proper in this Court pursuant to Code of Civil Procedure § 395, because the acts, events, and omissions complained of herein occurred in Los Angeles County, California.

*GENERAL ALLEGATIONS*

10.     Plaintiff began his employment with Defendants on or around August 14, 2019. He was hired as a full time Line Cook and was compensated a base rate of $14.40 per hour. Plaintiff was assigned to work at the Loyola Marymount University Campus in Los Angeles.

11.     During the application process, Plaintiff took and passed a drug test. Part of the job application process included an inquiry pertaining to Plaintiff 's criminal history. The night before he was scheduled to work, Plaintiff received an e-mail message asking him to authorize Defendants to conduct a background check. Plaintiff authorized the background check but was not aware that the position would be contingent on passing the background check.

12.     Plaintiff commenced work for approximately 2 weeks until he received an email from Defendants. His superior, Alfonso Campos ("Campos") informed Plaintiff that the results of the background check revealed a criminal conviction. Plaintiff was advised to *"fix the problem"* or he would no longer be employed by Defendants. Defendants purportedly permitted Plaintiff to respond within 5 days.

13.     Approximately 3 days later, however, Plaintiff received an e-mail from Defendants informing him that because he did not *"fix"* the problem, his employment with Defendants was terminated.

14.     Plaintiff was discriminated against as a result of his criminal background conviction and was not given an equal opportunity for employment.  Plaintiff was terminated based on his criminal conviction without being given a fair and reasonable opportunity to explain the conviction and why it was not relevant to his continued employment.

15.     Additionally, Plaintiff was forced to wait until Defendants' scheduled payday to receive his final paycheck, which was approximately 3-4 days after his termination.  On information and belief, Plaintiff is still owed 1 hour of over time.

16.     Further, on information and belief, Defendants are in violation of the Investigative Consumer Reporting Agencies Act because Defendants procureed an investigative report of Plaintiff without providing Plaintiff with statutory notices, information regarding the agency preparing the report, or a checkbox to indicate whether he wished to receive a copy of the report.

17.     Plaintiff has exhausted his administrative remedies by obtaining a Right to Sue Notice from the Department of Fair Employment and Housing attached hereto as **Exhibit One**.

### FIRST CAUSE OF ACTION

*Unlawful Use of Arrest or Detention Not Resulting in Conviction*

*Cal. Lab. Code § 432.7*

*(On Behalf of Plaintiff Against All Defendants)*

18.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

19.     Labor Code section 432.7(a) provides that employers "shall not seek from any source whatsoever, or utilize, as a factor in determining any condition of employment including … termination … any record of arrest or detention that did not result in conviction …" Cal. Lab. Code § 432.7(a).

20.     Defendants violated Cal. Lab. C. 432.7(a) by seeking information regarding Plaintiff's record of arrest or detention—which did not result in conviction—and ultimately terminating Plaintiff because of it.

21.     Plaintiff has suffered harm as a result of Defendants' unlawful conduct, including but not limited to, lost wages and emotional distress.

22.     Defendants were a substantial factor in causing Plaintiff's harm.

23.     Accordingly, Defendants are liable to Plaintiff for actual damages according to proof, non-economic damages, interest thereon, civil penalties, attorneys' fees, and costs of suit.

### SECOND CAUSE OF ACTION

*Failure to Pay Overtime Wages*

*Cal. Lab. Code §§ 510, 1194; Wage Order 9*

*(On Behalf of Plaintiff Against All Defendants)*

24.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

25.     Labor Code section 510, as well as Wage Order 9 of the Industrial Welfare Commission, provides that a workday consists of eight hours and a workweek consists of forty hours.  See Cal. Lab.

Code § 510(a); 8 Cal. Code Regs. § 11090, subsec. 3(A)(1). Both provisions require an employer to compensate an employee who works overtime hours at one-and-one-half (1½) times the employee's regular rate of compensation for hours worked over eight in a workday, but under twelve hours. See Cal. Lab. Code § 510(a); 8 Cal. Code Regs. § 11090, subsec. 3(A)(1)(a).

26.    The "regular rate" includes "all remuneration for employment" paid to or on behalf of the employee, including "many different types of remuneration, for example: hourly earnings, salary, piecework, commission, bonus, value of meals and lodging." DLSE 2002 Enforcement Policies & Interpretations Manual (Revised) §§ 49.1-49.1.2.2.

27.    Labor Code section 1198 provides that it shall be unlawful for an employer to employ an employee "for longer hours than those fixed by [the Industrial Welfare Commission]." Cal. Lab. Code § 1198.

28.    Labor Code section 1194 states, "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Id. § 1194(a).

29.    Defendants have unlawfully denied Plaintiff the payment of earned overtime compensation in violation of Labor Code sections 510 and 1198, and in violation of Wage Order 9 by failing to pay Plaintiff overtime pay for all time spent working that was beyond eight (8) hours in a day, or beyond forty (40) hours in a week.

30.    Under Labor Code section 1194, Plaintiff is entitled to recover such unpaid overtime compensation, interest, attorney's fees, and costs.

### THIRD CAUSE OF ACTION

*Failure to Pay All Wages Upon Separation of Employment*

*Labor Code § 201*

*(On Behalf of Plaintiff Against All Defendants)*

31.    Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

32.     Labor Code § 201 requires that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

33.     Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge as required pursuant to Labor Code § 201, the employer is liable to the employee for penalties.

34.     Defendants has willfully, unfairly, fraudulently, and/or unlawfully failed to pay Claimant compensation owed to him upon termination of employment. Plaintiff's employment with Defendants terminated in or around September 12, 2019, but Defendants have failed to pay Plaintiff all of the unpaid wages and compensation due to him at the time of his termination. As a result, Defendants are  liable to Plaintiff for waiting time penalties pursuant to Labor Code § 203 in an amount to be determined at trial according to proof.

## FOURTH CAUSE OF ACTION

*Violation of Labor Code § 246*

*(On Behalf of Plaintiff Against All Defendants)*

35.     Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set for the herein.

36.     Defendants failed to provide Plalintiff with written notice that sets forth the the amount of paid sick leave he acccrued on Plaintiff's itemized wage statement in compliance with Labor Code § 226 or in a separatge writing provided on the designated pay date with Plaintiff's payment of wages.

37.     Consequently, Defendants willfully violated the provided of Cal. Labor Code § 246(i).

38.     As a proximate result of the aforementioned violations, Plaintiff has been damaged in a an amount according to proof at time of trial.

## FIFTH CAUSE OF ACTION

*Failure to Maintain Accurate Records*

*Cal. Lab Code § 1174*

*(On Behalf of Plaintiff Against All Defendants)*

39.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

40.     Cal. Lab. Code § 1174 provides:

Every person employing labor in this state shall:
(d)     Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments…
Cal. Lab. Code § 1174 (emphasis supplied)

41.     Cal. Lab. Code § 1174.5 provides:

Any person employing labor who willfully fails to maintain … accurate and complete records required by subdivision (d) of Section 1174 … shall be subject to a civil penalty of five hundred dollars ($500).

42.     Defendants failed to comply with Cal. Lab. Code § 1174 by failing to maintain accurate records with respect to hours worked and wages paid for Plaintiff and failing to provide notice of accrued sick leave in compliance with Cal. Lab. Code § 246(i)..

43.     Accordingly, Defendants are liable to Plaintiff for statutory damages and costs.

### SIXTH CAUSE OF ACTION

*Failure to Provide Adequate Pay Stubs*

*Cal. Lab. Code § 226*

*(On Behalf of Plaintiff Against All Defendants)*

44.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Statement of Claims.

45.     Defendant employed Plaintiff but failed to provide him with the information required by section 226(a) of the Labor Code.

46.     Specifically, section 226, subdivision (a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee ·whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of [s]ection 515 or any applicable order of the Industrial

Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer ... , and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee . . .

Cal. Lab. Code § 226(a).

47.     Section 226 goes on to state:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

*Id.* § 226(e)(1).  As to "injury," section 226 provides:

An employee is deemed to suffer injury . . . if the employer fails to provide accurate and complete information as required by any one or more items (1) to (9), inclusive, of subdivision (a) and the employer cannot promptly and easily determine from the wage statement alone one or more of the following:
        (i) The amount of the gross wages or net wages paid to the employee during the pay period ...

*Id.* § 226(e)(2)(B).  As also set forth in section 226, the term "'promptly and easily determine' means a reasonable person would be able to readily ascertain the information without reference to other documents or information." *Id.* § 226(e)(2)(C).

48.     As alleged above, Defendant failed to list sick time on Plaintiff's wage statement/paystub. As a result, Defendant failed to comply with Cal. Lab. Code § 226 with regard to accurately listing accrued sick time. In doing so, Plaintiff's hours were improperly listed on his wage statement. Because a reasonable person necessarily would need to refer to extrinsic documents or information to determine this information, Plaintiff suffered injury under section 226(a).

49.     Accordingly, Defendant's failure to provide the information required by Labor Code section 226, Defendant is liable to Plaintiff for statutory damages, attorneys' fees and costs.

### SEVENTH CAUSE OF ACTION

*Unlawful Use of Conviction History*

*Cal. Gov. C. § 12952*

*(On Behalf of Plaintiff Against All Defendants)*

50.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

51.     On information and belief, Defendants terminated Plaintiff's employment solely or in part because of his conviction history.

52.     On information and belief, Defendants failed to conduct an individualized assessment of whether Plaintiff's conviction history had a direct and adverse relationship with the specific duties of Plaintiff's job, failed to consider the nature and gravity of the offensed or conduct, failed to consider the time that passed since the offese or conduct and completion of the sentence, failed to consider the nature of the job held, such that would consideratoin of these factors justified terminating Plaintiff, as required by Government Code § 12952(c)(1)(A).

53.     Defendants failed to properly notify Plaintiff in writing of their preliminary decision and failed to provide Plaintiff with (1) notice of the disqualifying conviction(s), (2) a copy of the conviction history report, if any, and (3) an explanation of Plaintiff's right to respond to the notice of preliminary decision  and the deadline by which to respond, as required by Cal. Gov. Code § 12952(c)(2).

54.     Defendants further failed to properly notify Plaintiff of its final decision, including (1) any existing procedure Defendant had to challenge the decision or request reconsideration; and (2) the right to file a complaint with the Department of Fair Employment and Housing, as required by Cal. Gov. Code § 12952(c)(5).

55.     Defendants also failed to provide Plaintiff with 5 business days to respond to the notice of preliminary decision to terminate his representation before Defendants finalized their decision to terminate Plaintiff.

56.     Defendants' termination of Plaintiff as alleged in this complaint constitutes an unlawful

employment practice.

57.     As a direct, foreseeable, and proximate result of Defendants' discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount to be proven at trial.

58.     The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

### EIGHTH CAUSE OF ACTION

*Wrongful Termination in Violation of Public Policy*

*(On Behalf of Plaintiff Against All Defendants)*

59.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

60.     Defendants were Plaintiff's employer, and Plaintiff was Defendants' employee.

61.     Defendants terminated Plaintiff in violation of Plaintiff's rights and public policy.

62.     Plaintiff was harmed.

63.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

64.     The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

COMPLAINT

### NINTH CAUSE OF ACTION

*Violation of Investigative Consumer Reporting Agencies Act*

*Cal. Civ. Code § 1786.10 et seq.*

*(On Behalf of Plaintiff Against All Defendants)*

65.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

66.     The Investigative Consumer Reporting Agencies Act, Civ. Code §§ 1786 *et seq.* (the "ICRAA") requires that when an investigative consumer report is sought for employment purposes other than promotion or reassignment, the person procuring or causing the report to be made must, not later than three days after the date on which the report was first requested, disclose to the consumer in writing that an investigative consumer report regarding the consumer's character, general reputation, personal characteristics, and mode of living will be made, the name of the consumer reporting agency conducting the investigation, and a summary of the provisions of Civ. Code § 1786.22.  Additionally, the ICRAA requires an employer to provide the consumer a way to indicate, by means of a check box, whether the consumer wishes to receive a copy of any report that is prepared.  The ICRAA further requires that when an applicant is denied employment wholly or partly because of an investigative consumer report, the employer must provide a statement so advising the applicant and supply the applicant with the name and address of the issuing agency.

67.     Specifically, Civil Code section 1786.16(a)(2) provides in relevant part:

(2)     If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:
…
(B)     The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure that:
(i) An investigative consumer report may be obtained.
(ii) The permissible purpose of the report is identified.
(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.
(iv)     identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

(vi) Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

68.     Civil Code section 1786.16(b) provides in relevant part:

(b)     Any person [intending to use the information for employment purposes] who requests an investigative consumer report … shall do the following:

(1)     Provide the consumer a means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy of any report that is prepared. If the consumer wishes to receive a copy of the report, the recipient of the report shall send a copy of the report to the consumer within three business days of the date that the report is provided to the recipient, who may contract with any other entity to send a copy to the consumer. The notice to request the report may be contained on either the disclosure form, as required by subdivision (a), or a separate consent form. The copy of the report shall contain the name, address, and telephone number of the person who issued the report and how to contact them.

(2) Comply with Section 1786.40, if the taking of adverse action is a consideration.

69.     Defendants procured an investigative consumer report of Plaintiff for employment purposes, other than suspicion of wrongdoing or misconduct.

70.     On information and belief, Defendants did not make a clear and conspicuous written disclosure to Plaintiff in a document consisting solely of the disclosure, as required by Cal. Civ. Code § 1786.10(a)(2).  On information and belief, Defendants failed to obtain Plaintiff's written authorization for Defendants to procure the report.

71.     Plaintiff suffered harm when Defendants failed to comply with the requirements of the Investigative Consumer Reporting Agencies Act.

72.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

73.     Under Civil Code section 1786.50, Plaintiff is entitled to recover actual damages or,

1  except in the case of class actions, ten thousand dollars ($10,000), whichever is greater, plus attorney's

2  fees and costs.

3  74.   The conduct of Defendants, and each of them, as described above was grossly negligent

4  or willful.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

5  ### TENTH CAUSE OF ACTION

6  *Cal. Lab. Code 1198.5 – Failure to Provide Personnel Records Upon Request*

7  *(On Behalf of Plaintiff Against All Defendants)*

8  75.   Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

9  forth in this Complaint.

10  76.   Pursuant to Labor Code Section 1198.5, an employee "has the right to inspect and receive

11  copy of the personnel records that the employer maintains relating to the employee's performance or to

12  any grievance concerning the employee." Cal. Lab. Code §1198.5.

13  77.   Plaintiff has requested that Defendants provide Plaintiff with his personnel records

14  pursuant to Labor Code Section 1198.5. Defendants provided Plaintiff's personnel file on April 8, 2020.

15  However, Defendant failed to provide Plaintiff with its entirety of said records and have intentionally

16  withheld certain documents.

17  78.   Defendant continues to deprive Plaintiff of his complete and full file of personnel

18  records.

19  79.   Specifically, in a June 17, 2020 email, defendant's counsel makes reference to a "Pre-

20  Adverse Employment Letter" alleging that on August 30, 2019 it was mailed to Plaintiff. However,

21  Defendant failed to provide these documents in the personnel file and continues to deny Plaintiff of the

22  entire contents of his personnel file.

23  80.   Considering the facts of the case, a "Pre-Adverse Employment Letter" is highly critical

24  and relevant to the facts of this matter and was required to be produced as part of Plaintiff's employment

25  records.

26  81.   Pursuant to Labor Code Section 1198.5 (k) Plaintiff is entitled, and hereby seeks to

27  recover from Defendant a seven-hundred-fifty-dollar ($750) penalty, reasonable attorney's fees, and the

28  cost of bringing this cause of action.

***PRAYER FOR RELIEF***

WHEREFORE, Plaintiff respectfully requests the following relief:

1.      For an award of compensatory damages, including without limitation lost wages, earnings, benefits, and other compensation, according to proof, as well as damages for emotional distress and pain and suffering, according to proof as allowed by law;

2.      For an award of statutory penalties and punitive damages as allowed by law;

3.      For a declaratory judgment that Defendants has violated California public policy;

4.      For an award of prejudgment and post-judgment interest;

5.      For award of reasonable attorneys' fees;

6.      For all costs of suit; and

7.      For an award of any other and further legal and equitable relief as the Court deems just and proper.

Dated: June 26, 2020                                JAURIGUE LAW GROUP

                                                    *Michael Jaurigue*
                                                    _____
                                                    Michael J. Jaurigue
                                                    Ryan A. Stubbe
                                                    *Attorneys for Plaintiff*
                                                    Alexander Carrillo

14

COMPLAINT

1

***DEMAND FOR JURY TRIAL***

2

Plaintiff requests a trial by jury as to all causes of action.

3

4    Dated: June 26, 2020                          JAURIGUE LAW GROUP

5

6                                                  Michael Jaurigue
                                                   Ryan A. Stubbe
7                                                  *Attorney for Plaintiff*
                                                   Alexander Carrillo
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15
COMPLAINT

Exhibit 1

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 18, 2020

Carolyn Ovsepyan
300 W. Glenoaks Blvd., Ste 300
Glendale, California 91202
Michael Jaurigue
300 West Glenoaks Boulevard, Suite #300
Glendale, California 91202

RE:   **Notice to Complainant's Attorney**
        DFEH Matter Number: 202005-10188118
        Right to Sue: Carrillo / Sodexo, Inc. et al.

Dear Carolyn OvsepyanMichael Jaurigue:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 18, 2020

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202005-10188118
        Right to Sue: Carrillo / Sodexo, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 18, 2020

Alexander Carrillo
300 West Glenoaks Boulevard, Suite #300
Glendale, California 91202

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202005-10188118
        Right to Sue: Carrillo / Sodexo, Inc. et al.

Dear Alexander Carrillo,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 18, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Alexander Carrillo                                         DFEH No. 202005-10188118

                                    Complainant,

vs.

Sodexo, Inc.
9801 Washingtonian Boulevard
Gaithersburg, Maryland 20878

Sodexo, Inc. c/o Corporate Creations Network
4640 Admiralty Way, 5th Floor
Marina del Rey, California 90292

Alfonso Campos
9801 Washingtonian Boulevard
Gaithersburg, Maryland 20878

                                    Respondents

_____

1. Respondent **Sodexo, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Alexander Carrillo**, resides in the City of **Glendale** State of **California.**

3. Complainant alleges that on or about **August 29, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's criminal history.

**Complainant was discriminated against** because of complainant's criminal history and as a result of the discrimination was terminated, denied work opportunities or assignments.

-1-
*Complaint – DFEH No. 202005-10188118*

Date Filed: May 18, 2020

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated.

**Additional Complaint Details:** On or around August 15, 2019, Alexander Carrillo ("Claimant") commenced his employment with Sodexo, Inc. ("Respondent") Claimant was hired as a full time Line Cook and was assigned to work at the Loyola Marymount University campus in Los Angeles.

During the application process, Claimant took and passed a drug test. Also included in the job application was a an inquiry pertaining to Claimant's criminal history. The night before he was scheduled to work, Claimant received an email message asking him to authorize Respondent to conduct a background check. Claimant authorized the background check but not aware that the position would be contingent on passing.

Claimant began working for about one to one and a half weeks until he received an email from Respondent, his boss, Alfonso Campos ("Campos") stating that the results of the background check had revealed a conviction and he needed to "fix the problem" or he would no longer be employed by Respondent. Respondent allowed Claimant 5 days to respond.

Approximately 3 days later, Claimant received an email from Sodexo terminating his employment. Claimant was discriminated against for the results of his background check and not given an equal opportunity for employment, as well as experienced harassment from Campos. Claimant was terminated as a result thereof.

Date Filed: May 18, 2020

1

VERIFICATION

2

I, **Michael Jaurigue**, am the **Attorney** in the above-entitled complaint.  I have read

3

the foregoing complaint and know the contents thereof.  The matters alleged are
based on information and belief, which I believe to be true.

4

On May 18, 2020, I declare under penalty of perjury under the laws of the State of

5

California that the foregoing is true and correct.

6

**Glendale California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-3-

*Complaint – DFEH No. 202005-10188118*

28

Date Filed: May 18, 2020